IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| V. | § | CRIMINAL NO. 6:06cr55 |
| | § | |
| WILLIAM BRADLEY SMITH | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On April 22, 2010, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant, William Bradley Smith. The government was represented by Jim Middleton, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk.

Defendant originally plead guilty to the offense of Felon in Possession of a Firearm, a Class C felony. The offense carried a statutory maximum imprisonment term of not more than 10 years. The United States Sentencing Guideline range, based on a total offense level of 12 and a criminal history category of VI, was 30 to 37 months. On January 31, 2007, U.S. District Leonard Davis, sentenced Defendant to 30 months imprisonment and three years supervised release subject to the standard conditions of release, plus special conditions to include providing the probation officer with access to any requested financial information, for purposed of monitoring Defendant's gainful employment in a lawful occupation'; and, participate in a program of testing and treatment for dug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the Defendant is released from the program by the probation officer. On July 25, 2008, Defendant completed the term of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was prohibited, in relevant part, from:

committing another federal, state, or local crime; illegally possessing a controlled substance; and unlawfully using a controlled substance. In its petition, the government alleges that Defendant violated his conditions of supervised release by: 1) being arrested by the Longview Police Department and being charged with Possession of Marijuana and by being arrested by the Longview Police Department and being charged with Possession of a Controlled Substance-Penalty Group 2 and Possession of Marijuana; 2) by possessing cocaine through drug use on or about June 30, 2009, and by possessing marijuana through drug use on or about June 30, 2009, and October 9, 2009; and 3) by submitting urine sample testing positive for cocaine and marijuana on June 30, 2009, and by submitting a urine sample testing positive for Marijuana on October, 9, 2009.

If the Court finds by a preponderance of the evidence that Defendant committed these violations, a statutory sentence of no more than 2 years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Pursuant to Section 7B1.1(a) of the Sentencing Guidelines, violating a condition of supervision by being arrested by the Longview Police Department on September 2, 2009, for Possession of Marijuana; by being arrested on March 30, 2010, for Possession of Marijuana and Possession of a Controlled Substance-Penalty Group 2; and by possessing cocaine would constitute a Grade B violation for which the Court shall revoke Defendant's term of supervised release in favor of a term of imprisonment. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade B violation is 21 to 27 months. Pursuant to Section 7B1.1(a) of the Sentencing Guidelines, violating a condition of supervision by testing positive for marijuana and cocaine on June 30, 2009, and testing positive for marijuana on October 9, 2009, would constitute a Grade C violation for which the Court may revoke Defendant's term of supervised release in favor of a term of imprisonment. U.S.S.G. § 7B1.3(a)(2). Considering

2

Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade C violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

U.S.S.G. § 7B1.1(b) indicates where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to violating conditions of supervision by testing positive for marijuana and cocaine on June 30, 2009, and testing positive for marijuana on October 9, 2009. In exchange, the government agreed to recommend that Defendant be imprisoned for 12 months and 1 day. In addition, the Government moved to dismiss the additional allegations in the petition and the Court granted that motion.

Pursuant to the Sentencing Reform Act of 1984, and the agreement of the parties, the Court **RECOMMENDS** that Defendant, William Bradley Smith, be committed to the custody of the Bureau of Prisons for a term of imprisonment of 12 months and 1 day with no supervised release to follow. The Court **RECOMMENDS** that the place of confinement be at the Federal Correctional Institution in Seagoville, Texas.

The parties have waived their right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 23rd day of April, 2010.**

3

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE